**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                          Case No.  6:05-cr-173-Orl-31JGG

**GEORGE ALFRED MANDERS**

---

**ORDER**

This matter comes before the Court on the sentencing of the Defendant, George Manders ("Manders"), who pled guilty to one count of distributing and receiving child pornography in violation of 18 U.S.C. sections 2252A(a)(2)(A) and (b)(1).  The Government sought an enhanced mandatory minimum penalty of fifteen years under 18 U.S.C. section 2252A(b)(1) ("Section 2252A(b)(1)"), which Manders contested.  Manders and the Government submitted written briefs on the issue, and presented oral argument at Manders' sentencing hearing on February 15, 2006.  At the sentencing hearing, the Court declined to apply the enhanced fifteen year mandatory minimum sentence, and explained its reasoning.  This Order provides further explanation for the Court's decision.

In 1992, Manders entered a plea of *nolo contendere* to a felony charge under Florida law of committing a lewd act upon a child.  The state court withheld adjudication in the matter and sentenced Manders to probation.  In this case, the Government asserted that Manders' *nolo* plea in the Florida case constituted a "prior conviction" for the purposes of Section 2252A(b)(1), thereby subjecting him to the enhanced statutory mandatory minimum sentence of fifteen years.

Section 2252A(b)(1) provides, in relevant part, that

> Whoever violates, or attempts or conspires to violate, paragraph (1) . . . of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 . . . , *or under the laws of any State* relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . such person shall be fined under this title and imprisoned for not less than 15 years . . . .

18 U.S.C. § 2252A(b)(1) (emphasis supplied). Under Florida law, a conviction "requires either an adjudication of guilt or a guilty plea. Moreover, a *nolo contendere* plea is not the equivalent of a guilty plea." *U.S. v. Willis*, 106 F.3d 966, 969 (11th Cir. 1997) (internal citation and quotation omitted). Further, under Florida law,

> [t]he plea of guilty is an absolute condition precedent before the lack of adjudication can be considered a conviction. . . . A nolo plea means "no contest," not "I confess." It simply means that the defendant, for whatever reason, chooses not to contest the charge. He does not plead either guilty or not guilty, and it does not function as such a plea.

*U.S. v. Thompson*, 756 F. Supp. 1492, 1496-97 (N.D. Fla. 1991) (*quoting Garron v. State*, 528 So. 2d 353, 360 (Fla. 1988)). Nevertheless, the Government asserts that Manders' *nolo* plea in Florida state court should constitute a conviction for federal sentencing purposes.

The Government makes two arguments. First, the Government argues that in the absence of a plain indication to the contrary, the Court is to assume that in enacting a statute Congress did not intend to make the application of that statute dependent upon state law,[1] and asserts that Section 2252A(b)(1) does not contain a plain reference to state law, thereby requiring that the Court interpret "conviction" under federal, not Florida, law. The Government relies on two cases from other circuits, *U.S. v. Storer*, 413 F.3d 918 (8th Cir. 2005), and *U.S. v. Wilson*, 119 Fed. Appx. 117 (9th Cir. Dec.

---

[1] *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 119 (1983).

23, 2004),[2] as well as several Eleventh Circuit cases,[3] to support this position.  Second, at the hearing on this matter, the Government asserted that instead of directing the Court to look to state law for the purposes of determining what constitutes a "conviction," the state law reference simply directs the Court to consider whether a person has been subject to prosecution in state court for a sex crime which under federal law would constitute a conviction.[4]

*Storer* dealt with a sentencing under the provisions of 18 U.S.C. section 2252(b)(2),[5] which contains language that is essentially identical to that at issue here.  However, the *Storer* court determined that Congress did not explicitly provide in this statute that federal courts are to look to the laws of the States to determine what constitutes a "conviction," and thus applied federal law to define "conviction."  *Storer*, 413 F.3d at 921-22.  The *Storer* court looked to cases in the Eleventh Circuit that addressed this issue in cases under 21 U.S.C. section 841 ("Section 841"), in which the Eleventh Circuit determined that a *nolo* plea in Florida state court that results in a finding of guilt with adjudication withheld supports a sentence enhancement under Section 841, and concluded that the

---

[2] *Wilson* is an unpublished opinion, and thus only provides persuasive, not binding, authority. *U.S. v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).  Although *Wilson* discusses what constitutes a "conviction" for the purposes of 18 U.S.C. section 2251(d), the Court finds the reasoning in that case unpersuasive for the same reason it finds *Storer* unpersuasive.  *See* discussion, *infra*.

[3] *U.S. v. Anderson*, 328 F.3d 1326 (11th Cir. 2003); *U.S. v. Acosta*, 287 F.3d 1034 (11th Cir. 2002); *U.S. v. Fernandez*, 58 F.3d 593 (11th Cir. 1995); *U.S. v. Mejias*, 47 F.3d 401 (11th Cir. 1995).

[4] In addition to the reasons discussed below, the Court rejects this argument as an unreasonable interpretation of Section 2252A(b)(1).

[5] *Storer* actually involved a situation where the defendant had entered a plea of *nolo contendere* in Florida state court to a charge of committing lewd and lascivious acts upon a child under the age of sixteen.  *Storer*, 413 F.3d at 920.

defendant's Florida state court *nolo* plea therefore constituted a conviction for purposes of sentencing under Section 2252A(b)(2) in federal court. *Storer*, 413 F.3d at 922.

This reasoning, however, is flawed because all of the cases upon which the Government (and the *Storer* court) relies dealt with Section 841, which has clearly different sentencing language than Section 2252A(b)(1). Section 841 provides enhanced sentences for any person who commits a violation "after a prior conviction for a felony drug offense." *See, e.g.*, 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C). There is no additional language in Section 841, and more importantly, no reference to state law. This is in direct contrast to Section 2252A(b)(1) which specifically references convictions "under the laws of any State." If Congress had intended that the Court simply look to convictions for certain offenses, without regard to whether they constitute a conviction under state law, Congress clearly could have done so, as it did in Section 841.

But, when Congress drafted Section 2252A(b)(1), it specifically included the state law conviction language, and this language is unambiguous. Where statutory language is unambiguous, judicial inquiry is complete and the Court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Where Congress has chosen certain language, the Court may not ignore the plain meaning of that language. *Estate of Flanigan v. Commissioner, Internal Revenue*, 743 F.2d 1526, 1530 (11th Cir. 1984); *see also Garcia v. U.S.*, 469 U.S. 70, 80 (1984) ("Petitioners seek to clip [the statute] despite its plain terms, but the short answer is that Congress did not write the statute that way.") (internal citation and quotation omitted).

The language of Section 2252A(b)(1) clearly provides a direct reference to convictions "under the laws of any State." This language appears in a sentence providing for an increased mandatory

minimum sentence for an individual who has previously been convicted under a list of statutory provisions, which list includes a *conviction* under state law. Florida law provides that a plea of *nolo contendere* where adjudication is withheld does not constitute a conviction. Therefore Manders' Florida state court *nolo* plea with adjudication withheld does not constitute a "conviction" under Section 2252A(b)(1), and therefore the enhanced mandatory minimum sentence does not apply.

**DONE and ORDERED** in Chambers in Orlando, Florida on February 16, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
George Alfred Manders